| | |
|---|---|
| GEORGIA HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15CV1579 RLW |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion For Appointment of Counsel and Affidavit in Support (ECF No. 3).

There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering Plaintiff's Motion For Appointment of Counsel and Affidavit in Support, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Georgia Hunter, indicate that she is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion For Appointment of Counsel and Affidavit in Support will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Appointment of Counsel and Affidavit in Support (ECF No. 3) is **DENIED**, without prejudice.

Dated this 5th day of January, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE