# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGIA HUNTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV1579 RLW |
| CITY OF ST. LOUIS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. The Court does not have subject matter jurisdiction, and this case is dismissed.

Plaintiff alleges that Major Hunter, III, died on October 14, 2012, as the result of a car accident in the City of St. Louis. She says that a pothole caused his car to go "airborne and result[ed] in his death after hitting it." She seeks monetary damages.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court is required to review each case to determine whether subject matter exists, and the Court is required to dismiss at any time if it determines that subject matter jurisdiction is lacking.

This is a state law claim, so federal question jurisdiction does not exist under 28 U.S.C. § 1331. Therefore, for plaintiff to bring this claim in federal court, diversity jurisdiction must exist under 28 U.S.C. § 1332.

For diversity jurisdiction to exist, plaintiff and defendant must be "citizens of different States." 28 U.S.C. § 1332(a)(1). "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir.1997). In this case, plaintiff

lives in Missouri and the City of St. Louis is in Missouri. Therefore, diversity jurisdiction does not exist.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 15th day of July, 2016.

RONNIE L. WHITE  
UNITED STATES DISTRICT JUDGE